IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| IN RE MENTOR CORP. OBTAPE | * MDL Docket No. 2004 |
| | 4:08-MD-2004 (CDL) |
| TRANSOBTURATOR SLING PRODUCTS | * |
| | Case No. |
| LIABILITY LITIGATION | * 4:13-cv-355 (Cox) |

O R D E R

Plaintiff Emma Cox's counsel filed a motion to withdraw as attorney in this action because counsel had a difficult time communicating with Cox. The Court denied the motion and ordered Plaintiff's counsel to show cause why Cox's Complaint should not be dismissed for lack of prosecution. Plaintiff's counsel did not respond to the Court's order. Mentor filed a motion to dismiss for lack of prosecution or, in the alternative, for suggestion of remand (ECF No. 40 in 4:13-cv-355). In support of its motion, Mentor pointed to an email from Cox's counsel stating that Cox wishes to continue pursuing the case and does not want the case to be dismissed. Mot. to Dismiss Ex. A, Email from Wayne Collins to Edward Taber, *et al.* (June 28, 2016), ECF No. 40-1 in 4:13-cv-355 ("Now, we can communicate with the court that the case should not be dismissed per her wish."). Inexplicably, Cox's counsel failed to communicate to the Court that Cox wished to continue pursuing the case. There is no indication in the present record that Cox has engaged another

lawyer to represent her; the Court therefore presumes that she will be *pro se* if counsel is permitted to withdraw.

Cox filed this action directly in MDL No. 2387, which is pending in the United States District Court for the Southern District of West Virginia and involves Coloplast Corp.'s pelvic support systems. The Judicial Panel on Multidistrict Litigation transferred the action to this multidistrict litigation proceeding, MDL No. 2004, because Cox's action involves Mentor ObTape Transobturator Tape. Although pretrial proceedings in this action are not yet complete due to the breakdown of communication between Cox and her attorneys, the Court finds that the entire action should be remanded to the Court where venue is proper. In her short-form Complaint, Cox stated that venue would be proper in the Eastern District of Missouri had the action not been directly filed in MDL No. 2387. Compl. ¶ 5, ECF No. 1 in 4:13-cv-355. Thus, the action should be sent to the United States District Court for the Eastern District of Missouri. That Court, which will ultimately have to preside over the litigation and potential trial of a complex product liability case with a *pro se* plaintiff, is in the best position to evaluate whether counsel should be permitted to withdraw. That decision, and all future decisions with regard to this individual case, should be made by the United States District Court for the Eastern District of Missouri.

2

For these reasons, the Court suggests that this action should be remanded and sent to the United States District Court for the Eastern District of Missouri. This Order contains a brief chronicle of the coordinated proceedings to provide guidance to that court after remand.

I.  **Brief Background of the Mentor ObTape MDL**

Mentor Worldwide LLC manufactured and sold a polypropylene mesh suburethral sling product called ObTape Transobturator Tape, which was used to treat women with stress urinary incontinence. The United States Food and Drug Administration cleared ObTape for sale in 2003 via its 510(k) regulatory process, and ObTape remained on the market in the United States until March 2006.

Several years ago, women who had been surgically implanted with ObTape began filing lawsuits against Mentor, alleging that they had been injured by ObTape—primarily that they suffered infections caused by ObTape and that they were injured when ObTape eroded through their bodily tissues. In December 2008, the Judicial Panel on Multidistrict Litigation created MDL No. 2004 and transferred seventeen actions involving alleged injuries resulting from ObTape to this Court for consolidated and coordinated pretrial proceedings. *See In re Mentor Corp. ObTape Transobturator Sling Products Liability Litigation*, 588 F. Supp. 2d 1374 (J.P.M.L. 2008). After pretrial proceedings

and a bellwether trial that settled mid-trial, the original cases and approximately forty additional tag-along cases transferred to this Court were resolved through settlement. Since then, MDL No. 2004 has grown to include more than 800 additional tag-along cases, and more than 200 cases remain open. The litigation was divided into separate phases, and cases from phases IV and V are still pending. In 2013, the Court tried a Phase III bellwether case to verdict. In 2016, the Court tried a Phase IV-1 bellwether case to verdict.

**II. Overview of Cox's Case**

Cox filed her Complaint in MDL No. 2387 in the United States District Court for the Southern District of West Virginia. The Judicial Panel on Multidistrict Litigation transferred the action to this Court for consolidated pretrial proceedings. Cox's case was designated as a Phase IV-6 case, with the following deadlines:

| Task | Deadline |
|---|---|
| Serve Plaintiff Fact Sheet and Executed Medical Authorization; provide Mentor with copies of all medical records in plaintiffs' counsel's possession | April 4, 2016 |
| Serve Defendant Fact Sheet | May 2, 2016 |
| Complete Plaintiff-Specific Fact Discovery | June 13, 2016 |
| Serve Plaintiff's Expert Disclosures | June 27, 2016 |
| Serve Defendant's Expert Disclosures; File Summary Judgment Motions and case-dispositive Daubert Motions | July 25, 2016 |
| Responses to Summary Judgment Motions | August 8, 2016 |
| Replies to Summary Judgment Motions | August 15, 2016 |

Mentor represents that Cox has not complied with any of her discovery obligations, but it is not clear from the present record whether Cox's counsel, which seeks to withdraw from representing Cox, adequately informed Cox of her discovery obligations.  Cox's counsel did not seek an extension of any deadlines.

## CONCLUSION

As discussed above, the Court suggests that this case be remanded and sent to the United States District Court for the Eastern District of Missouri.  The Clerk of the Court shall provide a copy of this Order to the Clerk of the Judicial Panel on Multidistrict Litigation, and Cox's counsel shall send a copy to Cox.

IT IS SO ORDERED, this 26th day of July, 2016.

S/Clay D. Land
CLAY D. LAND
CHIEF U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA